**FILED**
**Jan 27, 2026**
**12:45 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT GRAY

| | | |
|---|---|---|
| **ASHTON WILLIAMS,** | ) | **Docket No. 2025-20-3130** |
| **Employee,** | ) | |
| **v.** | ) | |
| **PERFORMANCE FOOD GROUP, INC.,** | ) | |
| | ) | **State File No. 9839-2025** |
| **Employer,** | ) | |
| **And** | ) | |
| **INDEMNITY INSURANCE** | ) | |
| **COMPANY OF NORTH AMERICA,** | ) | **Judge Brian K. Addington** |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER GRANTING MEDICAL BENEFITS

---

Ashton Williams sought an order requiring Performance Food Group to provide medical benefits. Performance argued that Mr. Williams did not prove he was injured at work. After an expedited hearing on January 22, 2026, the Court orders Performance to furnish medical benefits.

### Claim History

Mr. Williams, an order puller, alleged an injury to his right shoulder at work occurring on January 29, 2025, when his shoulder started hurting after moving two cases of sauce. He reported the injury to his supervisor, who documented the report and noted that Mr. Williams refused medical treatment that day. When his shoulder still hurt the next day, Mr. Williams requested medical treatment, but the supervisor told him to treat on his own.

Mr. Williams went to his doctor on January 31, but the medical staff refused to see him when he told them he was injured at work. They gave him light-duty restrictions until he could see a doctor under workers' compensation. Mr. Williams gave this information to Performance, and it accommodated the restrictions.

1

Performance did not provide Mr. Williams a panel until February 12. He chose Healthstar Physicians.

Performance did not schedule an appointment until March 3. At the appointment, the nurse practitioner noted, "Workers [sic] comp injury of right shoulder from 1/29, states he is unaware how the injury occurred just that he was working lifting heavy palettes before lunch, went to lunch and started having sharp pain in right shoulder that radiates down the arm." He was placed on light duty for a week. During the follow-up appointment on March 10, she ordered an MRI.

Performance fired Mr. Williams on March 13 for violating attendance rules.

Mr. Williams underwent an MRI that showed a partial interstitial tearing of the infraspinatus tendon. At a follow-up visit, the nurse practitioner ordered six physical therapy visits.

However, Performance did not approve the physical therapy and denied his claim on May 14. It determined that Mr. Williams changed his story, and it also sent Mr. Williams's MRI results to Dr. Sheldon Feit in Carmel, Indiana, who determined the MRI showed a small chronic effusion. The note says, "The following consultative report is 'an aging request' on above patient based upon the initial interpretation provided. It is not mean to be utilized or interpreted for treatment purposes of the above patient."

During the hearing, Mr. Williams only requested medical benefits, which Performance asked the Court to deny.

### Findings of Fact and Conclusions of Law

To obtain his requested benefits, Mr. Williams must show a likelihood of proving at a hearing on the merits that he is entitled to medical treatment. Tenn. Code Ann. § 50-6-239(d)(1) (2025); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Specifically, he must show he suffered an "injury by accident" that caused the need for medical treatment. *Id.* § 50-6-102(12). Further, an injury is "accidental" only if it "is caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence." *Id.* § 50-6-102(A).

Mr. Williams testified that he reported his injury on the night it occurred, which his supervisor documented. Although he initially refused medical attention, he requested treatment the next day and continues to have pain. The Court finds his testimony credible.

Performance, however, argued that Mr. Williams later changed his story, and the medical proof shows Mr. Williams was not injured at work. However, Mr. Williams consistently testified that he was injured at work lifting products. His testimony is

2

uncontroverted. The notation in the medical record from March 3 saying heavy palettes is a minor discrepancy over a month after the injury. Performance used this discrepancy and the report from its doctor in Indiana to deny his claim. However, the report says nothing about causation, but only that in the opinion of the out-of-state doctor, an MRI completed approximately three months after an injury shows a chronic condition.

Based on the evidence, the Court finds that Mr. Williams is likely to succeed at a hearing on the merits in proving he was injured at work and is entitled to medical benefits. Performance denied additional treatment and argued that Mr. Williams has not offered an expert medical opinion that his injury was primarily caused by his work. That may be true at this point, but there has been no determination by an authorized physician about Mr. Williams's injury because Performance denied this claim. Moreover, an injured worker is not required to prove medical causation as a prerequisite to an employer furnishing medical treatment. *McCord*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6 at *9-10.

Under these circumstances, Performance shall return Mr. Williams to the authorized practice for further assessment and treatment made reasonably necessary from his injury.

Because Performance denied the claim, Mr. Williams sought medical treatment on his own with a physical therapist. An employer may risk being required to pay for unauthorized treatment if it does not provide the treatment made reasonably necessary by the work injury as required by section 50-6-204(a)(1)(A). *Young v. Young Elec. Co.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 24, at *16 (May 25, 2016). The Court is unable to order Performance to pay for his unauthorized treatment currently because no physician has given a causation opinion.

Finally, the Court refers this case to the Compliance Program for investigation as to the imposition of penalties under section 50-6-118(a)(3) and (8) for its bad-faith denial and failure to timely provide medical treatment made reasonably necessary by the accident recommended by the authorized treating physician.

THEREFORE, it is **ORDERED AS FOLLOWS**:

1. Performance Food Group, Inc. and its carrier must schedule an appointment with the authorized physician and furnish any reasonable and necessary medical treatment under Tennessee Code Annotated section 50-6-204(a)(1)(A).

2. Mr. Williams's request for payment of unauthorized medical bills is denied at this time.

3. The Court sets a status hearing on **March 23, 2026**, at **10:00 a.m. Eastern**. The parties must dial **855-543-5044** to participate.

3

4. The case is referred to the Compliance Program for consideration of the imposition of penalties.

5. Unless interlocutory appeal of the expedited order is filed, compliance with this order must occur no later than seven business days from the date of entry of this order as required by Tennessee Code Annotated section 50-6-239(d)(3).

**ENTERED January 27, 2026.**

Brian Addington

_____
**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1. Affidavit of Ashton Williams
2. First Report of Injury
3. Wage Statement and pay stubs
4. Declination of Treatment and Injury Statement
5. Transcript of recorded statement
6. Employee's Choice of Physician
7. Correspondence from Corvel dated February 18, 2025
8. Mileage Reimbursement Request
9. Email correspondence
10. Modified job offers
11. Notice of denial
12. Termination Notice and attendance documents
13. Medical records (collective)
    a. Greeneville Family Medicine
    b. Healthstar Physicians
    c. Care IQ
14. Patient payment ledger and explanation of benefits
15. Attendance policy
16. Attendance point policy

**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent on January 27, 2026.

| Name | Email | Service sent to: |
|---|---|---|
| Ashton Williams, Employee | X | ███████████████████ ████████ ████████ |
| David Deming, Employer's Attorney | X | ddeming@manierherod.com dstevens@manierherod.com |
| Compliance Program | X | WCComplaince.program@tn.gov |

_____

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
   - ➤ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
   - ➤ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee
Appellee's Address: _____ Phone: _____
Email: _____
Attorney's Name: _____ BPR#: _____
Attorney's Email: _____ Phone: _____
Attorney's Address: _____
*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*